UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE JONES ) | |
| ) | Case No. 1:17-cv-6017 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| AMERICAN ACCESS CASUALTY ) | |
| COMPANY ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff YVONNE JONES by and through her attorneys, O'Connor | O'Connor, P.C., and brings the following Complaint against Defendant AMERICAN ACCESS CASUALTY COMPANY (hereinafter "Defendant") and in support thereof states as follows:

### NATURE OF ACTION

1. Plaintiff Yvonne Jones (hereinafter "Ms. Jones") brings this action to redress violations of the Americans with Disabilities Act (42 U.S.C. §12111 *et. seq.*;) arising from Plaintiff's treatment in and termination from her employment with Defendant.

2. Plaintiff seeks awards of compensatory damages, punitive damages, back pay and benefits, front pay and benefits, attorney's fees, costs, other monetary damages, other equitable and injunctive relief, and all other relief available under the aforementioned laws.

### JURISDICTION AND VENUE

3. Counts I through III are brought pursuant to The Americans with Disabilities Act 42 U.S.C. §12111 *et. seq.*; This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. Ms. Jones has exhausted all of her administrative remedies. She received her right to sue letter from the E.E.O.C. on May 22, 2017.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

### GENERAL FACTUAL ALLEGATIONS

8. Ms. Jones started working for Defendant on or about March 14, 2016.

9. Ms. Jones was assigned to the role of Subrogation Advisor.

10. At all relevant times, Ms. Jones' supervisor was Santee Erfe.

11. Ms. Jones suffers from Rheumatoid Arthritis, an autoimmune disease that affects motor skills and joints throughout her body.

12. Due to the Rheumatoid Arthritis, Ms. Jones will suffer from flare ups of pain. When the flare ups happen, Ms. Jones' joints will become swollen and cause great pain and fatigue. Additionally, Ms. Jones will sometimes not be able to use her hands due to a flare up.

13. Ms. Jones notified Mr. Erfe of her condition.

14. Rheumatoid Arthritis substantially limited one or more major life activities for Ms. Jones including but not limited to: walking, standing, lifting, and bending.

15. Rheumatoid Arthritis also effects the operation of Ms. Jones' immune system, which is a major bodily function.

16. At all relevant times, Ms. Jones was capable of performing all of the essential functions of her position with or without a reasonable accommodation.

17. On March 23, March 31, April 6, and April 13, 2016, Ms. Jones used Paid Time Off (PTO) to stay at home when the pain from her Rheumatoid Arthritis was too much for her to be able to work.

18. Mr. Erfe approved each of these PTO days.

19. Ms. Jones was told that the proper procedure for requesting PTO was to text Mr. Erfe a few hours in advance of needing to use a PTO day.

20. Ms. Jones adhered to this policy.

21. Sometime after the April 13 use of PTO, Ms. Jones asked Mr. Erfe about the possibility of working from home a few days a week due to the occasional pain from her Rheumatoid Arthritis without using her available PTO days.

22. Mr. Erfe refused this request and said that Ms. Jones would have to continue using PTO days when she wanted time off due pain from Rheumatoid Arthritis

23. Next, Ms. Jones made a request for a reasonable accommodation to the Human Resources Department (HR).

24. While waiting to hear from HR, Mr. Erfe's demeanor towards Ms. Jones changed. Mr. Erfe expressed that he was upset with Ms. Jones for requesting to work from home.

25. On or about April 20, Mr. Jones received approval to work from home three days a week from HR.

26. Shortly after being granted the reasonable accommodation request, Defendant began to discipline Plaintiff for previously approved PTO days.

27. Between May and June of 2016, this pattern continued and Ms. Jones was discipline for days off that she was previously approved for including an approved day off for bereavement leave to attend her aunt's funeral.

28. On June 4, 2016, Ms. Jones' employment was terminated by Defendant allegedly due to "excessive tardiness."

29. On or about June 7, 2016, Ms. Jones spoke a former co-worker, Ryen Jefferies, over text message.

30. Ms. Jefferies told Ms. Jones that she spoke to Mr. Erfe about why Defendant terminated Ms. Jones.

31. Mr. Erfe told Ms. Jefferies that Ms. Jones "wasn't a good fit with all that work from home stuff."

## COUNT I
## DISABILITY DISCRIMINATION: FAILURE TO ACCOMODATE
## AMERICANS WITH DISABILITIES ACT

32. Paragraphs 1 through 31 are hereby restated and re-alleged as if fully set forth in this Count I.

33. At all relevant times, Plaintiff was disabled within the meaning of the ADA

34. These conditions substantially limited one or more major life activities and one or more major bodily functions of Plaintiff.

35. At all relevant times, Plaintiff was capable of performing all of the essential functions of her position with or without a reasonable accommodation.

36. Defendant was aware of Plaintiff's disability.

37. Plaintiff requested the accommodations in the form of including but not limited to: being able to work from home three days a week.

38. Defendant took discriminatory actions against Plaintiff after she had requested a reasonable accommodation.

39. Defendant's actions were motivated by Plaintiff's disability and Plaintiff's requests for reasonable accommodations.

40. By conduct including, but not limited to that described above, Defendants failed to accommodate Plaintiff, and discriminated against her in violation of her rights under the ADA.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Yvonne Jones seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT II
## DISABILITY DISCRIMINATION: RETALIATION
## AMERICANS WITH DISABILITIES ACT

42. Paragraphs 1 through 41 are hereby restated and re-alleged as if fully set forth in this Count II.

43. At all relevant times, Plaintiff was disabled within the meaning of the ADA

44. These conditions substantially limited one or more major life activities and one or more major bodily functions of Plaintiff.

45. At all relevant times, Plaintiff was capable of performing all of the essential functions of her position with or without a reasonable accommodation.

46. Defendant was aware of Plaintiff's disability.

47. Plaintiff requested the accommodations in the form of including but not limited to: being able to work from home three days a week.

48. Defendant took discriminatory actions against Plaintiff after she had requested a reasonable accommodation.

49. Defendant ultimately terminated Plaintiff due to her disability and her requests for accommodation.

50. By conduct including, but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of her participation in protected activity under the ADA.

51. By conduct including, but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Yvonne Jones seeks the following relief:

a. Declaration that Defendant Illinois has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under the ADA; and

g.  Such other and further relief as this Court may deem just and equitable.

## COUNT III
## DISABILITY DISCRIMINATION: TERMINATION
## AMERICANS WITH DISABILITIES ACT

53. Paragraphs 1 through 52 are hereby restated and re-alleged as if fully set forth in this Count III.

54. At all relevant times, Plaintiff was disabled within the meaning of the ADA

55. These conditions substantially limited one or more major life activities and one or more major bodily functions of Plaintiff.

56. At all relevant times, Plaintiff was capable of performing all of the essential functions of her position with or without a reasonable accommodation.

57. Defendant was aware of Plaintiff's disability.

58. Plaintiff requested the accommodations in the form of including but not limited to: being able to work from home three days a week.

59. Defendant took discriminatory actions against Plaintiff after she had requested a reasonable accommodation.

60. Defendant ultimately terminated Plaintiff due to her disability and her requests for accommodation.

61. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-disabled employees during the

course of her employment with Defendant. As a result, she was subject to different terms and conditions of employment and terminated due to her disability.

62. By conduct including but not limited to the described above, Defendant intentionally discriminated against Plaintiff because of her disability and/or her complaints about the terms and conditions of her employment, in violation of the ADA.

63. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Yvonne Jones seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

          Respectfully Submitted,
          Yvonne Jones

By: *[signature]*
     Kevin F. O'Connor

Dated: August 17, 2017

Kevin F. O'Connor (ARDC # 6300449)
Heewon O'Connor (ARDC # 6306663)
Ryan O. Estes (ARDC # 6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 312
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
heewon@oconnor-oconnor.com
ryan@oconnor-oconnor.com